NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHIKEB SADDOZAI, | No. 20-17488 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-04511-BLF |
| v. | |
| CARLOS G. BOLANOS, Sheriff; MAGUIRE CORRECTIONAL FACILITY; SCOTT KIRKPATRICK; SAN MATEO COUNTY JAIL; CORRECTIONAL HEALTH SERVICES; AMANDA, Nurse Practitioner, San Mateo County Jail; SPENCER, Physician, San Mateo County Jail; SHERIFF OF SAN MATEO; THE CITY OF REDWOOD CITY, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted February 15, 2022**

Before:    FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California state prisoner Shikeb Saddozai appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because, under any potentially applicable standard, Saddozai failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in providing follow-up treatment for a gunshot wound. *See id.* at 1057-60 (explaining that a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *see also Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (setting forth objective deliberate indifference standard for Fourteenth Amendment inadequate medical care claims brought by pretrial detainees).

The district court did not abuse its discretion by denying Saddozai's motions for appointment of counsel because Saddozai did not demonstrate "exceptional circumstances" warranting the appointment of counsel. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and "exceptional circumstances" standard for appointment of counsel).

20-17488

The district court did not abuse its discretion by denying Saddozai's request to extend the time for additional discovery before ruling on the motion for summary judgment. *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (explaining that a district court's order denying additional discovery is reviewed for an abuse of discretion, and a party seeking a continuance under Rule 56 "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment").

The district court did not abuse its discretion by denying Saddozai's requests for injunctive relief because the district court lacked the authority to grant such relief related to non-parties. *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) (explaining that the scope of an injunction is limited to the parties in the action).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

20-17488